1

2

3

4

5

6

7

FILED

FEB 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,        )      Magistrate Case No. **08MJ8115**
                                      )
11              Plaintiff,            )
                                      )
12         v.                         )      **FINDINGS OF FACT AND**
                                      )      **ORDER OF DETENTION**
13   Monique RUIZ-Montenegro (2),     )
                                      )
14              Defendant.            )
     ─────────────────────────────── )

15

16         In  accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.),

17   a detention hearing was held on February 11, 2008, to determine whether defendant Monique RUIZ-

18   Montenegro, should be held in custody pending trial on the grounds that she is a flight risk. Assistant

19   U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders

20   of San Diego, Inc. appeared on behalf of the Defendant.

21         Based on the evidence proffered by the United States and the Defendant, the Pretrial Services

22   report, and the criminal complaint issued against the Defendant on February 7, 2008, by this Court, the

23   Court concludes that the following facts establish by a preponderance of the evidence that no condition

24   or combination of conditions will reasonably assure the appearance of the Defendant required.

25   ///

26   ///

27   ///

28   ///

I

## FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.    The Defendant is charged in Criminal Complaint No. 08MJ8115 with the importation of 24.86 kilograms (54.69 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.  See 18 U.S.C. § 3142(e).

3.    The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence.  See 21 U.S.C. § 960(b)(1)(B).  According to the United States Sentencing Guidelines, the Base Offense level is 34.  See USSG § 2D1.1(3).  Assuming the Defendant's criminal history score places her in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.    On February 6, 2008, the principal defendant Rodrigo VELASQUEZ-Cota was the driver and co-defendant RUIZ-Montenegro was the passenger of a 2005 Dodge Stratus as they entered the West Calexico, California, Port of Entry.  During pre-primary, a Narcotic Detector Dog alerted to the 2005 Dodge Stratus.  Principal defendant VELAZQUEZ, co-defendant RUIZ, and the vehicle were escorted to the secondary inspection area.  A subsequent inspection of the vehicle resulted in the discovery of 24.86 kilograms (54.69 pounds) of cocaine.  A registration certificate was found in the vehicle showed that the principal Defendant VELAZQUEZ was the registered owner of the vehicle.  Co-defendant RUIZ admitted knowledge of the narcotics concealed within the vehicle.  RUIZ stated that the principal defendant VELAZQUEZ told her there were controlled substances concealed in the vehicle and he agreed to pay co-defendant RUIZ $500.00 for her participation in the smuggling venture.

///

///

C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

    1.    The Defendant is a United States citizen.

    2.    The Defendant resides with her son and her mother in El Centro, California.

    3.    The Defendant is presently unemployed.

D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

    1.    The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

10/20/00 – Count 1: 245(A)(1) PC Force/ADW Not Firearm: GBI Likely (No Disposition)
              Count 2: 245(A)(1) PC Force/ADW Not Firearm: GBI Likely (No Disposition)
              Count 3: 245(A)(1) PC Force/ADW Not Firearm: GBI Likely (No Disposition)
              Count 4: 594(A) PC Vandalism (No Disposition)

12/24/06 – 207(A) PC Kidnapping (No Disposition)

II

REASONS FOR DETENTION

A.    There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8115, to wit: the importation of 24.86 kilograms (54.69 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B.    The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. She therefore has a strong motive to flee.

C.    The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

///

///

///

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:    2-28-08    .

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney


_____
JOHN F. WEIS
Assistant U. S. Attorney

cc:    Diane Regan of
       Federal Defenders of San Diego, Inc.